IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BARBARA JANE MRZLAK BRUNDO, Ed.D., <br><br> Plaintiff, <br><br> v. <br><br> CHRIST THE KING CHURCH/PARISH, ET AL., <br><br> Defendants. | CASE NO. 8:04CV209 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on Plaintiff's Notice of Appeal. (Filing No. 91.) The court dismissed Plaintiff's claims on September 29, 2005 and entered its Amended Judgment against Plaintiff on November 8, 2005. (Filing Nos. 74 and 78.) On July 30, 2009, Plaintiff filed her Notice of Appeal. (Filing No. 91.) Therefore, three years, eight months, and 22 days elapsed between the court's Judgment and the filing of Plaintiff's Notice of Appeal.

Federal Rule of Appellate Procedure 4 ("Rule 4") governs the time in which a notice of appeal must be filed. As set forth in Rule 4, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). This time limit is mandatory and jurisdictional, and failure to file a timely notice of appeal deprives an appellate court of jurisdiction. *See, e.g., Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462-64 (8th Cir. 2000) (citations omitted). However, Rule 4 permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," i.e., within 30 days after expiration of the appeal deadline; and (2) regardless of the "extension period," the appellant shows excusable neglect or good cause for the delayed filing of the appeal. Fed. R. App. P. 4(a)(5)(A).

In this matter, Plaintiff did not seek an extension of the time in which to file a notice of appeal. Regardless, an extension under Rule 4 would still be appropriate, provided that the requisite showing of excusable neglect or good cause has been made. The Eighth Circuit has clarified "excusable neglect" as follows:

> [T]he determination ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. ... [T]hose circumstances ... include the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Lowry*, 211 F.3d at 462 (citation and quotation omitted).

Here, Plaintiff's Notice of Appeal does not show excusable neglect or good cause. Indeed, Plaintiff has not stated any reason for her failure to file a timely notice of appeal. As such, Plaintiff's notice of appeal is untimely and is therefore invalid.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Notice of Appeal (Filing No. 91) is untimely; and

2. The Clerk of the court shall not process the appeal to the Court of Appeals. The Clerk of the court is directed to forward a copy of this Memorandum and Order to the parties and to the Eighth Circuit Court of Appeals.

DATED this 11th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.